UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15CV-P142-TBR

CHRISTOPHER DALE MELTON                                                                PETITIONER

v.

COMMONWEALTH OF KENTUCKY                                                      RESPONDENT

**MEMORANDUM OPINION**

Petitioner Christopher Dale Melton filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on his own paper.  On June 18, 2015, the Clerk of Court issued a notice of deficiency directing Melton to pay the $5.00 filing fee or to file an application to proceed without the prepayment of fees along with a certified copy of his prison trust account statement for the six months preceding the application.  The notice also directed Melton to file his petition on the Court's approved form.  On June 22, 2015, Melton paid the $5.00 filing fee.  However, he did not file his petition on the Court's approved form for filing a § 2254 petition.  Therefore, on July 31, 2015, the Court entered an Order which ordered Melton to re-file his petition on the Court's approved form within 30 days.  The Order stated, "Melton is WARNED that failure to re-file the action on the Court's approved form within 30 days will result in dismissal of the action" (emphasis omitted).

More than 30 days have passed, and Melton has failed to comply with the Court's Order or to otherwise take any action in this case.  Upon filing the instant action, Melton assumed the responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that

require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

      Upon review, the Court finds that Melton's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:    Petitioner, *pro se*
4413.010